**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ZAKARIA OMAR NUUR,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MOSHANNON VALLEY PROCESSING CENTER,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 26-1144 |

**MEMORANDUM OPINION**

Pending now before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 4) filed by Zakaria Omar Nuur ("Nuur"), a citizen of Somalia. On June 24, 2026, Respondent filed a Response to the petition (ECF No. 7). The petition is now ripe for decision.

Nuur was convicted of several crimes in August 2025, including a drug-related offense (ECF No. 7-4 at 2, 5). Following his release from prison, Nuur was taken into immigration custody on November 18, 2025 (ECF No. 4 at 4; ECF No. 7 at 1). On March 4, 2026, an immigration judge denied all forms of relief and ordered Nuur removed to Somalia (ECF No. 7-2). On March 25, 2026, Nuur timely appealed this decision to the Board of Immigration Appeals, and the appeal appears to still be pending (ECF No. 7-3).

In his petition, Nuur argues that his detention under § 1226(c) is unlawful and prolonged (ECF No. 4 at 6). He also alleges that the conditions of Moshannon Valley Processing Center ("MVPC") are causing the decline of his physical and mental health because he is unable to receive adequate treatment (*Id.*). As relief, Nuur requests that the court "order [his] immediate release from detention." (*Id.* at 7).

Respondent argues that Nuur is properly subject to mandatory detention under § 1226(c) due to his criminal convictions and asserts that Nuur failed to meet the four-factor test established in *German Santos* (ECF No. 7 at 2). Namely, Respondent alleges that Nuur "has only been detained for approximately seven months; his immigration proceedings are moving expeditiously (with the [immigration judge] ordering his removal in March 2026 and his appeal pending with the Board of Immigration Appeals); the government has not improperly delayed his proceedings; and he is housed at a non-punitive processing center." (*Id.*).

"Under 8 U.S.C. § 1226(c), the Government must detain certain criminal aliens pending their removal proceedings, even if they were lawfully present in the United States." *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 206 (3d Cir. 2020). In particular, "[t]he Attorney General shall take into custody any alien who…is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)[.]" 8 U.S.C. § 1226(c). Here, the immigration judge found Nuur removable under § 1227(a)(2)(A)(iii), (2)(A)(ii), and (2)(B)(i). *See* ECF No. 7-2 at 1. Thus, § 1226(c) clearly provides for Nuur's mandatory detention.[1]

Section 1226(c) does not limit the length of the detention it authorizes during removal proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). The Supreme Court held § 1226(c) is also not facially unconstitutional. *Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention

---

[1] The court lacks jurisdiction to determine whether Nuur is properly subject to detention under § 1226(c) because the criminal convictions provide the basis for his removability. Under § 1252(b)(9), "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States[,]" must be raised in a petition for review of a final order, even if a petitioner must "wait to seek relief for allegedly unlawful government conduct." *See* 8 U.S.C. § 1252(b)(9); *Khalil v. President*, 164 F.4th 259, 275 (3d Cir. 2026). This process ensures that "petitioners get only one bite at the apple[,]" and prevents "piecemeal litigation" from occurring simultaneously in various courts. *Khalil*, 164 F.4th at 275 (quoting *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.,* 950 F.3d 177, 184 (3d Cir. 2020)). If this court were to address whether Nuur is properly detained under § 1226(c), it would be reviewing whether he is deportable under § 1227, which would likely influence later appellate proceedings and is the exact situation that the Third Circuit Court of Appeals in *Khalil* was trying to prevent. *See id.* ("With a final judgment in hand, the winning side could use issue preclusion or law of the case in the later PFR, leaving that court nothing to decide.").

during removal proceedings is a constitutionally permissible part of that process").

Immigrants detained under § 1226(c) may, however, bring as-applied challenges to the constitutionality of their detentions if their detentions have become unreasonable. *See German Santos*, 965 F.3d at 210; *see also Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018). There is a non-exhaustive list of four factors to consider in assessing whether detention under § 1226(c) has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *German Santos*, 965 F.3d at 211 (citations omitted). Among those factors, "[t]he most important factor is the duration of detention." *Id.* at 211.

Applying those factors to the circumstances of this case, the court concludes that Nuur's detention pursuant to § 1226(c) without bond is not unreasonable or a violation of due process. "Courts within this circuit have previously found detention for over one year weighs in favor of the petitioner[,]" (*see Nyamekye v. Oddo*, No. CV 22-240J, 2023 WL 9271844, at *3 (W.D. Pa. Mar. 28, 2023), R&R adopted, No. CR 3:22-CV-240, 2023 WL 9271879 (W.D. Pa. May 4, 2023)), but Nuur has only been in immigration detention for around nine months. *See* ECF No. 4 at 4. There is also no evidence, on this record, that the immigration proceedings will not move forward at a normal rate or any allegations that either party caused delays in the proceedings. *See generally* ECF Nos. 4, 7.

As for conditions of confinement, Respondent provided evidence that "facilities at MVPC contrast with criminal incarceration in many ways" (ECF No. 7 at 10-11); Nuur, however, submitted no evidence to contradict those assertions, stating only that his medical care is lacking. *See* ECF No. 4 at 6. Nuur's alleged conditions are far from the conditions that the petitioner

experienced in *German Santos*, where he was housed with criminal detainees and "confined to his cell for twenty-three hours per day." *German Santos,* 965 F.3d at 212-13.[2]

Upon weighing the *German Santos* factors, the court concludes that on this record, Nuur failed to meet his burden to demonstrate that his continued detention rises to a constitutional violation at this time. The petition will be denied without prejudice to Nuur's ability to seek relief in the future.

Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 4) will be **DENIED** without prejudice.

An appropriate order follows.

BY THE COURT:

Dated: August 27, 2026

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge

[2] To the extent a conditions of confinement claim is alleged in the petition, this claim also fails. *See Silva v. Soto,* No. CV 25-16577, 2025 WL 3485658, at *6 (D.N.J. Dec. 4, 2025) ("Consistent with *Cardona v. Bledsoe*, 681 F.3d 533, 535-536 (3d Cir. 2012), claims seeking relief from general conditions of confinement, as opposed to the fact or duration of custody, are not cognizable under § 2241.").